Andrew D. Wright, #8857
Andrew B. McDaniel, #11070
STRONG & HANNI
Attorneys for Plaintiffs
3 Triad Center, Suite 500
Salt Lake City, Utah 84180
Telephone: (801) 532-7080
Facsimile: (801) 323-2037

FILED
U.S. DISTRICT COURT
2007 JAN 30 P 12: 05
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

## CENTRAL DIVISION

| | |
|---|---|
| BOULDER OUTDOOR SURVIVAL SCHOOL,<br><br>Plaintiff,<br><br>v.<br><br>The Estate of DAVE BUSCHOW,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>Judge Dale A. Kimball<br>DECK TYPE: Civil<br>DATE STAMP: 01/30/2007 @ 12:01:07<br>CASE NUMBER: 2:07CV00051 DAK |

Plaintiff Boulder Outdoor Survival School ("BOSS") hereby complains and alleges against Defendant the Estate of Dave Buschow as follows:

## PARTIES

1. Plaintiff BOSS is a business incorporated under the laws of the State of Colorado, with its principal place of business in Boulder, Colorado.

2. Dave Buschow was a resident of River Vale, New Jersey. BOSS understands that the personal representative of Mr. Buschow's estate is also a resident of New Jersey.

## JURISDICTION AND VENUE

3. The parties to this action are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a)(1).

4. There is an actual and justiciable controversy between the parties within the jurisdiction of this Court pursuant to 28 U.S.C. section 2201(a). Specifically, BOSS contends that an agreement signed by Mr. Buschow bars any claims by his estate for wrongful death.

5. Venue is proper in this Court pursuant to 28 U.S.C. Sections 1391(a)(2)-(3) and (b)(2).

## GENERAL FACTUAL ALLEGATIONS

### A. The Outdoor Survival Course and Application Process:

6. Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

7. BOSS operates a 28-day outdoor survival course located in southern Utah in which voluntary participants are taught and practice outdoor survival skills.

8. Dave Buschow, a New Jersey resident, applied for and was accepted to the BOSS course in May 2006.

9. As part of the application process, Mr. Buschow read and signed a Participant Acknowledgment & Agreement form. That form contained assumption of risk and release of liability sections. Those sections state, in relevant part, as follows:

**ACKNOWLEDGMENT AND ASSUMPTION OF RISKS**

. . .

The risks include those listed here as well as those provided on the forms which are part of my registration packet, including the Health History Form, Physical Examination Form, and the Risk & Liability at BOSS pages. Among other things these risks include: *Strenuous desert and mountain hikes with periods of physical exertion.* I can be injured by natural hazards, including: falling rocks and trees, flash floods, lightning, stinging animals and insects (for example: bees, scorpions, stingrays, ants), toxic plants, hanta virus, bubonic plague, and wild animals. BOSS shuttles are provided as a service to me, but I must be aware that accidents from vehicular travel, domestic or foreign, exceed all others in severity and frequency, and I assume this risk. Exposure to the natural elements can be uncontrollable and may be harmful. *I am aware that this exposure could cause both heat- and water-related problems, including, but not limited to: sunburn, dehydration and electrolyte imbalances, heat cramps, heat exhaustion, heat stroke*, and injuries from the over-consumption of water (also known as water intoxication). Potholes and water tanks in slot canyons hold extremely cold water, and exposure to these waters could result in hypothermia and, in extreme cases, cramping and accidental drowning. Hiking over loose rocks and rugged terrain is common. BOSS rarely travels on established trails. Accidents or injuries while on the trail could include: blisters, abrasions, ankle and knee injuries, fractures, head injuries, and, *in severe cases, fatality.*

. . .

Furthermore, BOSS guides have difficult jobs to perform. They seek safety, but they are not infallible. They might misjudge the weather, the elements, or the terrain. They may give inadequate warnings or instructions, and the equipment being used might malfunction. Similarly, BOSS guides and course participants may misjudge, among other things: a participant's fitness or abilities, the routes, the equipment, the environment, medical conditions and other situational diagnosis.

I am aware that this activity *entails risks of injury or death to myself.* I understand that the description of these risks is not complete and that other unknown

or unanticipated risks may result in injury or death. *I agree to assume responsibility for the risks identified herein and those not specifically identified. My participation in this activity is purely voluntary and no one is forcing me to participate, and I elect to participate in spite of the risks.*

I am fully capable of participating in this activity, therefore, *I assume full responsibility for myself,* including my minor children, *for bodily injury, death,* and loss of personal property and expenses thereof *as a result of those inherent risks and dangers* and of my negligence in participating in this activity.

I have read, understood, and accepted the terms and conditions stated herein and *acknowledge that this agreement shall be effective and binding upon myself, my heirs, assigns, personal representatives, estate and all members of my family,* including any and all minors accompanying me. I acknowledge I am not relying on any oral, written or visual representations or statements made by BOSS, including those made in its brochures, on its web site, or in other promotional materials, to induce me to participate in this activity.

**IN ADDITION: RELEASE AND INDEMNITY**

. . .

In addition, I, or if I am under the age of 18, my parents or guardian, for themselves and on my behalf, agree as follows:

    A.    To *release and discharge BOSS,* its owners, agents, employees, directors, trustees and officers, contractors and all other persons or entities associated with it (referred to as "BOSS and/or its associates") *from all claims, liabilities and losses whatsoever asserted by or on behalf of me,* or by my parents or guardian, in any way arising from or connected with my enrollment or participating in an activity of BOSS or the use of its equipment or facilities. This Release *includes loss or damage claimed to be caused in whole or in part by the negligence of BOSS and/or its associates.* I, and my parents or guardian if I am under 19 years of age, understand that in signing this Document, *I, or we, surrender our respective rights to make a claim or file a lawsuit against BOSS and/or its associates for personal injury, property damage, wrongful death,* products liability (including strict liability), breath of warranty or contract or under any other legal theory.

. . .

    C.    To *defend, hold harmless and indemnify BOSS and its associates from any claim and from any liability, loss, damages or expenses* (including

4

attorneys' fees) *resulting from a claim, brought by any member of my family for loss or damage in any way arising out of my enrollment or participation in BOSS activities* or use of its equipment or facilities. *This indemnity includes loss, damage or expense claimed to have been caused in whole or in part by the negligence of BOSS and/or its associates.*

**ADDITIONAL PROVISIONS**

. . .

I have disclosed all preexisting medical or physical conditions which would interfere with my safety, or the health and safety of leaders and co-participants in my BOSS activity and, in addition to other obligations undertaken in this Participant Acknowledgment and Agreement, I will bear all costs of losses that may be suffered, directly or indirectly, by me or any third person, by reason of my failure to disclose a medical or physical condition, including the forfeiture of my tuition due to early departure from a course.

(See Participant Acknowledgment & Agreement, pp. 1-2, Ex. 1.) (Emphasis added.)

    10.    The Participant Acknowledgment and Agreement also identifies specific risks associated with a particular portion of the course known as the "impact" phase. The relevant language reads as follows:

**Risk on BOSS Courses**

. . .

**BOSS is not offering you a risk-free wilderness experience.** The wilderness is beyond our control; nature is beyond our control. We hope that you will understand this and embrace the opportunity we are offering you: a chance to live in the moment and experience the wilderness to the fullest. (We are, of course, safety-conscious but you should understand the realities of being in remote wilderness areas.)

*There's also an added element of risk to BOSS Field Courses: Impact. As far as we know, there is no other programs which will purposely put you in a position where you must hike under adverse conditions (hot, bright days or cold, dark nights) with little or no food and water. And this is done during the first few days of the course – when we really don't know that much about you or your physical fitness. Nor do many other programs offer their students/clients the challenges associated with Solo*

or Student Expedition – when you are alone without instructor supervision. Again, *we think you will enjoy these phases of the course (if applicable), but you should also be made aware of them and the potential risks they bring you.*

BOSS provides you with so many opportunities to experience the "wild" side of the wilderness, and we hope that you'll embrace them. After all, that's what a real adventure is all about. And *we want you to understand these risks so you are a better-informed student on the trail with us. For more information about risks associated with different courses at BOSS, please visit our website.* For those without Internet access, you can also call us to discuss them.

Please sign below that you have read and understood this document.

(See Participant Acknowledgment & Agreement, p. 3, Ex. 1.) (Emphasis added.)

      11.      Mr. Buschow also signed a Field Course Contract which stated, in relevant part, as follows:

### FIELD COURSE CONTRACT-2006

1. I realize that this course will be a strenuous experience, and that *I must condition myself through a physical conditioning program to prepare for the course.*

2. I am a member of this course of my own choosing and will accept full responsibility for my actions under all conditions. I also agree to aid other members of the group in acting responsibility.

3. I understand and appreciate that there are inherent risks involved in this activity which are beyond the control of BOSS, Inc. or its staff, and agree to personally assume these risks.

. . .

6. I agree to take part in all course activities, contribute accordingly to the work required of students, and *accept extenuating circumstances as being part of the course* (i.e. bad weather, *limited water* and foods, pests, etc.)

. . .

6

>    11.    I understand that violation of the above contract is a direct release of BOSS, Inc. from damages produced by my actions. If any portion of this Field Course Contract is found to be invalid or unenforceable, the remaining portion shall nevertheless remain in full force and effect.

(See Field Course Contract, Ex. 2.) (Emphasis added.)

  12.    During the application process, Mr. Buschow provided a physical examination form, signed by his physician, which indicated that he was fit for the extreme activities involved in the course. The form specifically noted that dehydration was a possible risk associated with the course. (See Physical Examination Form, Ex. 3.)

  13.    In addition, Mr. Buschow made no indication that he had any conditions which might affect his participation in the course nor did he indicate that he was taking any medication. (See Health History Form, Ex. 4.)

### B. Mr. Buschow's Death:

  14.    Mr. Buschow attended a BOSS course beginning on July 16, 2006. Eleven other students participated in the course, accompanied by three BOSS instructors.

  15.    The first several days of the course are known as the "impact" phase, during which time the students hike without carrying water or food. Instead, the instructors help the students find natural water and food sources and teach them survival skills along the way.

  16.    The group left Boulder, Utah on the evening of July 16 and hiked for several hours before sleeping that night.

  17.    The group awakened on the morning of July 17 and continued their hike. Several hours into their trip, the group came to a creek where they spent time resting and

7

drinking water. The students were told to drink a lot as they would not be carrying water with them.

18. The group continued to hike throughout the day, traveling up and over several ridges toward their destination. During the hike they stopped frequently to rest in the shade and search for water.

19. Many in the group, including Mr. Buschow, complained of fatigue and dehydration during the hike.

20. The BOSS instructors kept a watchful eye on those in the group who were struggling, including Mr. Buschow, and routinely checked on their status and vital signs.

21. Despite his difficulties, Mr. Buschow remained positive and continued to encourage the others throughout the hike.

22. Towards the end of the hike, shortly after 7:00 p.m., Mr. Burschow laid down to rest just a short distance from water.

23. A few moments later, a BOSS instructor noticed that Mr. Burschow was unresponsive and had stopped breathing. The instructor began rescue breathing immediately and CPR was administered several minutes later when Mr. Burschow's pulse could no longer be found.

24. The BOSS instructors also promptly called in a rescue helicopter.

25. Upon their arrival shortly after 9:00 p.m., the medic team pronounced Mr. Buschow dead.

26. Mr. Buschow's autopsy report indicated he died from electrolyte imbalance and dehydration.

27. Mr. Buschow was apparently undergoing an enzyme therapy routine at the time of his death, a fact he did not mention on his health history form.

28. Furthermore, Mr. Buschow told several other students that he had attempted to gain a few pounds before the course but otherwise had done nothing to prepare for the trek. He also indicated that he normally drank a gallon of water a day.

## CLAIM FOR DECLARATORY RELIEF

29. Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

30. The estate of Mr. Buschow has indicated that it intends to recover damages for Mr. Buschow's death by filing an insurance claim and lawsuit against BOSS. As such, there is an actual and justiciable controversy between the parties.

31. The assumption of risk and release of liability forms signed by Mr. Buschow are valid and enforceable under Utah law.

32. The forms explicitly and unambiguously set forth the nature and extent of the risks Mr. Buschow faced by participating in the course.

33. By signing those forms, Mr. Buschow expressly assumed the risk of serious injury or death prior to participating in the BOSS course and agreed to fully release and indemnify BOSS from any claim that might arise out of his participation.

34. As the assumption of risk and release of liability forms are valid, they bar any claims made by Mr. Buschow's estate resulting from his death.

35. Accordingly, a judicial determination is necessary and appropriate at this time to determine the respective rights of Plaintiff and Defendant with respect to the assumption of risk and release of liability forms.

36. Pursuant to Utah Code Ann. Section 78-33-2, Plaintiff requests a declaration from this Court that:

(a) The assumption of risk and release of liability forms signed by Mr. Buschow are valid and enforceable.

(b) Any claims made against BOSS resulting from Mr. Buschow's death are barred by the assumption of risk and release of liability forms.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff BOSS prays for the following relief:

1. For a declaration that:

(a) The assumption of risk and release of liability forms signed by Mr. Buschow are valid and enforceable.

(b) Any claims made against BOSS resulting from Mr. Buschow's death are barred by the assumption of risk and release of liability forms.

2. For such other and further relief as the Court deems just and proper.

DATED this 26 day of January, 2007.

                STRONG & HANNI

                By _____
                Andrew D. Wright
                Andrew B. McDaniel
                Attorneys for Plaintiff

5406.00080